UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LEONARDO de SOUZA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC, and MICHEL BOUX,<br><br>Defendants. | Civil Action No. 0:11-cv-61879-WPD |

**NOTICE OF MOTION AND MOTION OF ANTONIO ADEMAR DE SOUZA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL, AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES ................................................................................................... ii

NOTICE OF MOTION AND MOTION ................... **ERROR! BOOKMARK NOT DEFINED.**

MEMORANDUM OF LAW ................................... **ERROR! BOOKMARK NOT DEFINED.**

PROCEDURAL BACKGROUND ............................................................................................ 2

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

I.    MOVANT ANTONIO ADEMAR DE SOUZA SHOULD
     BE APPOINTED LEAD PLAINTIFF ............................................................................. 3

    A.    The Procedure Required by the PSLRA ............................................................. 3

    B.    Movant Antonio Ademar de Souza Satisfies the
          "Lead Plaintiff" Requirements of the PSLRA ...................................................... 4

        1.    Movant Antonio Ademar de Souza Has Complied
            with the PSLRA and Should Be Appointed Lead Plaintiff ....................... 4

        2.    The Movant Has the Largest Financial Interest in
            the Relief Sought by the Class ............................................................... 5

        3.    The Movant Otherwise Satisfies Rule 23 ................................................ 6

II.    THE COURT SHOULD APPROVE MOVANT ANTONIO
     ADEMAR DE SOUZA'S CHOICE OF COUNSEL ....................................................... 8

CONCLUSION ........................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                     Page(s)

In re AMF Bowling Securities Litigation,
    99 Civ. 3023,
    2002 U.S. Dist. LEXIS 4949 (S.D.N.Y. March 25, 2002 ......................................................7

Bassin v. Decode,
    04 Civ. 7050,
    2005 U.S. Dist. LEXIS 51 (S.D.N.Y. Jan. 3, 2005)........................................................2, 5

Bishop v. New York City Department of Housing Preservation and Development,
    141 F.R.D. 229 (S.D.N.Y. 1992) ..................................................................................7

In re Cavanaugh,
    306 F.3d 726 (9th Cir. 2002) .......................................................................................4

Ferrari v. Impath,
    03 Civ. 5667,
    2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004).................................................5

Fischler v. Amsouth Bancorporation,
    96-1567-C,
    1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997)...................................................6

Greebel v. FTP Software,
    939 F. Supp. 57 (D. Mass. 1996) .................................................................................4

Lax v. First Merchants Acceptance Corp.,
    97 Civ. 2715,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997).................................................6

In re Livent, Inc. Noteholders Securities Litigation,
    210 F.R.D. 512 (S.D.N.Y. 2002) .................................................................................8

In re Olsten Corp.,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................1

Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.,
    03 Civ. 8264,
    2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. May 27, 2004)..................................................5

Sczesny Trust v. KPMG LLP,
    223 F.R.D. 319 (S.D.N.Y. 2004) .................................................................................5

In re Sumitomo Copper Litigation,
  182 F.R.D. 85 (S.D.N.Y. 1998) ........................................................................................7

In re Sumitomo Copper Litigation,
  194 F.R.D. 480 (S.D.N.Y 2000) .......................................................................................7

Zaltzman v. Manugistics Group, Inc.,
  S-98-1881,
  1998 U.S. Dist. LEXIS 22867 (D. Md. Oct. 8, 1998) .......................................................6

**STATUTES & RULES**

17 C.F.R. § 240.10b-5 ("Rule 10b-5") ......................................................................................1

Federal Rules of Civil Procedure
  Rule 23 .....................................................................................................................6, 7, 8

Private Securities Litigation Reform Act of 1995 ("PSLRA")
  15 U.S.C. § 78u-4(a), et seq. ...................................................................................passim

Securities Exchange Act of 1934 ("1934 Act")
  15 U.S.C. § 78(a), et seq. ..............................................................................................1, 9

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Movant Antonio Ademar de Souza ("Movant"),[1] upon the incorporated memorandum of law, the annexed Declaration of Martin E. Restituyo and the exhibits annexed thereto, all of the prior pleadings and proceedings had herein, and such other written and/or oral argument as may be presented to the Court, hereby moves the Court for: (i) appointment as lead plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of Lead Plaintiff's selection of Lead Counsel; and (iii) consolidating any related actions subsequently filed in or transferred to this Court.

## MEMORANDUM OF LAW

The action is a securities fraud class actions brought against certain officers and directors of Magnum D'Or Resources, Inc. ("Magnum" or the "Company") for violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all persons, other than defendants, who acquired Magnum securities during the period from July 2, 2008, to April 13, 2010, inclusive (the "Class Period").

Movant acquired 16,300 shares of Magnum common stock during the Class Period and suffered $10,307.20 in losses as a result of Defendants' misconduct. Movant has reviewed the complaint filed in this action. Movant believes he has the largest financial interest in the litigation and seeks Court approval of his appointment as lead plaintiff and his selection of lead counsel for himself and the Class as set forth herein. See, e.g., In re Olsten Corp., 3 F. Supp. 2d

---

[1] Note Movant is the father of plaintiff Leonardo de Souza, the party named as the plaintiff in the original complaint. The orginial complaint contained a typographical error in that it named Leonardo de Souza as the plaintiff, instead of his father Antonio Ademar. If necessary, the caption will be amended upon court order or a request by the defendants.

286, 296 (E.D.N.Y. 1998)(citing Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)). See also Bassin v. Decode, 04 Civ. 7050 (RJH), 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005) (Holwell, J.). As discussed below, the Movant has satisfied each of the requirements of the PSLRA and this Court and, therefore, is qualified for appointment as Lead Plaintiff.

## PROCEDURAL BACKGROUND

On July 18, 2011, an action captioned *Puopulo v Magnum D'Or Resources, Inc.*, *et. al*, Case No. 0:11-cv-61591-DLG (S.D. Fl) was filed in this Court.[2] That very day a notice of the pendency of a class action brought on behalf of a class consisting of all persons who purchased the securities of Magnum during a proposed Class Period was published over a widely-available, national business-oriented newswire service, *Marketwire*. The notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice. See Restituyo Decl., Ex. 1. The 60 day deadline expires on September 16, 2011. Thus, Movant's current motion is timely and incompliance with the PSLRA.

## STATEMENT OF FACTS

Magnum purports to operate in the tire recycling industry. Specifically, in addition to claiming to have the largest tire landfill in the United States, the Company purports to be engaged in attempts to produce custom compounds, retread compounds, processing aids, advanced state-of-the-art equipment, and reactivated ambient/cryogenic rubber powders for the global market.

---

[2] Upon information and belief, plaintiff and defendants in tha case have since enterend into an agreement whereby plaintiff agreed to dismiss his claims agains the defendants.

2

During the Class Period the Company made numerous false statements to the investing public in order to engage in a fraudulent scheme. Specifically the Company made false statements regarding Magnum's prospects. The false and misleading statements had the effect of driving up the Company's stock price. The elevated stock price was then used by the defendants to carry out an illegal kickback scheme.

When the Company's auditors finally revealed that something questionable was occurring, Magnum's stock price declined precipitously. Currently Magnum trades on the Pink Sheets for less than 1 cent per share. During the Class Period defendantsJoseph J. Glusic and Michel Boux walked away with millions of dollars in compensation.

## ARGUMENT

### I.   Movant Antonio Ademar de Souza Should Be Appointed Lead Plaintiff

#### A.   The Procedure Required by the PSLRA

The PSLRA has established the procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice of an action was published via *Marketwire* on July 18, 2011. *See* Restituyo Decl., Ex. 1.

Second, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).  See also In re Cavanaugh, 306 F.3d 726, 729 n.2 (9th Cir. 2002): "The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff."

### B.  Movant Antonio Ademar de Souza Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### 1.  Movant Antonio Ademar de Souza Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA, the Movant has timely moved to be appointed lead plaintiff within the requisite time frame on behalf of all members of the Class.  The Movant has duly signed and filed a certification stating that he has reviewed the complaint filed in the action and is willing to serve as a representative party on behalf of the Class**.**  *See* Restituyo

Decl., Ex. 2. In addition, the Movant has selected and retained experienced and competent counsel to represent himself and the Class. *See* Restituyo Decl., Exs. 4 and 5.

Accordingly, the Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

### 2. The Movant Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. "In light of the PSLRA's silence in prescribing a method for assessing a movant's financial interest, courts have examined several factors such as: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Bassin v. Decode, 04 Civ. 7050 (RJH), 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005) (Holwell, J.). See also Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., 03 Civ. 8264 (RWS), 2004 U.S. Dist. LEXIS 9571, at *7 (S.D.N.Y. May 27, 2004) (quoting Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)); Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); Ferrari v. Impath, 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, (S.D.N.Y. July 15,2004), at *4.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, the Movant acquired 16,300 shares of Magnum common stock for $13,469.40, thereby suffering $10,307.20 in losses as a result of Defendants' misconduct. The Movant

herein therefore has a significant financial interest in this case.[3] The Movant has not received notice of any other applicant that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock.

### 3. The Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997); Fischler v. Amsouth Bancorporation, 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997); Zaltzman v. Manugistics Group, Inc., S-98-1881, 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

---

[3] It is well established in this judicial district that the presumptive Lead Plaintiff is the movant with the largest financial interest in the litigation. See Ferrari v. Impath, 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004)(Batts, J.) (Group with largest financial interest in the Class appointed Lead Plaintiff.)

6

The Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  See In re AMF Bowling Securities Litigation, No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949, 12-13 (S.D.N.Y. March 25, 2002); In re Sumitomo Copper Litigation, 194 F.R.D. 480, 482 (S.D.N.Y 2000). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. See In re AMF Bowling Securities Litigation, supra.  Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 238 (S.D.N.Y. 1992). See also In re Sumitomo Copper Litigation, 182 F.R.D. 85, 94 (S.D.N.Y. 1998) (Noting that "[i]t is well settled in this Circuit that factual differences in the amount of damages, date, size or manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other such concerns will not defeat class action certification when plaintiffs allege that the same unlawful course of conduct affected all members of the proposed class.")

The Movant seeks to represent a class of all persons, other than Defendants, who acquired Magnum securities during the Class Period, who have identical, non-competing and non-conflicting interests. The Movant satisfies the typicality requirement because he: (i) acquired Magnum securities during the Class Period; (ii) at a price allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Movant arises from the same event or

7

course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. In re Livent, Inc. Noteholders Securities Litigation, 210 F.R.D. 512, 516 (S.D.N.Y. 2002).

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. In re Livent, Inc. Noteholders Securities Litigation, Supra.

The Movant is an adequate representative of the class. As evidenced by the injury suffered by the Movant, who acquired Magnum securities at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the Movant's interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Movant's interests and those of the other members of the class. In addition, as shown below, the Movant's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Movant's *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23.

Therefore, the Movant satisfies all of the PSLRA's prerequisites and the practice of this judicial district for appointment as lead plaintiff and should be appointed as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B), of a class consisting of all persons who purchased the securities of Magnum from July 2, 2008, to April 13, 2010.

**II.    The Court Should Approve Movant Antonio Ademar de Souza's Choice of Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. The

8

Movant has selected and retained Wolf Haldenstein Adler Freeman & Herz LLP to serve as lead counsel for the Class.  This firm has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts.  *See* Restituyo Decl., Ex. 4.  Additionally, Movant has selected the highly qualified Florida firm of Saxena White PA to serve as liaison counsel for the class.

Because there is nothing to suggest that the Movant or his counsel will not fairly and adequately represent the Class, or that the Movant is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint the Movant as Lead Plaintiff and approve the Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP as lead counsel and Saxena White PA as liaison counsel for the class.

## CONCLUSION

For the foregoing reasons, the Movant requests that the Court:  (i) appointment as lead plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of Lead Plaintiff's selection of Lead Counsel; and (iii) consolidating any related actions subsequently filed in or transferred to this Court..

Dated:  September 16, 2011			Respectfully submitted,

**SAXENA WHITE P.A.**

*/s/Joseph E. White, III*
Joseph E. White, III
2424 North Federal Highway
Suite 257
Boca Raton, FL 33431
Tel. 561.394.3399
Fax. 561.394.3382

9

*[Proposed] Liaison counsel*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory Mark Nespole
Martin E. Restituyo
270 Madison Avenue
New York, NY. 10016
Telephone: (212) 545-4600
Facsimile:  (212) 545-4653

*[Proposed] Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2011, I electronically filed this document using the CM/ECF system, which will send a notice of electronic filing to all registered users.

/s/ *Joseph E. White, III*
Joseph E. White III