IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No:  11-CV-61879-WPD

| | |
|---|---|
| LEONARDO de SOUZA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC and MICHEL BOUX<br><br>      Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................................... 1

STATEMENT OF FACTS ................................................................................................................. 1

ARGUMENT ....................................................................................................................................... 3

    I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 3

        A.    The PSLRA's Requirements ................................................................................ 3

        B.    The Motion is Timely ............................................................................................. 4

            1.    Movant Has Made a Timely Motion for Appointment as Lead Plaintiff ...... 4

            2.    Movant Has the Largest Financial Interest and
Otherwise Satisfies Fed. R. Civ. P. 23 ............................................................ 5

    II.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL .............. 6

CONCLUSION .................................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ehlert v. Singer*,
  185 F.R.D. 674 (M.D. Fla. 1999)..................................................................................................4

*Grand Lodge of Pa. v. Peters*,
  07 Civ. 479, 2007 U.S. Dist. LEXIS 48191 (M.D. Fla. June 22, 2007) ....................................5

*Miller v. Dyadic Int'l, Inc.*,
  C.A. No. 07-civ-80948, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) ...................4

*Piven v. Sykes Enterprises, Inc.*
  137 F. Supp. 2d 1295 (M.D. Fla. 2000).......................................................................................5

*Vincelli v. Nat'l Home Health Care Corp.*,
  112 F. Supp. 2d 1309 (M.D. Fla. 2000)....................................................................................4, 6

**STATUTES**

15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i) ............................................................................................3

15 U.S.C. §78u-4(a)(3)(A)(i) .............................................................................................................3

15 U.S.C. §78u-4(a)(3)(A) and (B).....................................................................................................3

15 U.S.C. §78u-4(a)(3)(B)(i) ..............................................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ........................................................................................................4

15 U.S.C. §§ 78u-4(a)(3)(B)(v) ..........................................................................................................6

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

§21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3) ................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23................................................................................................................................5

Rule 10b-5...........................................................................................................................................1

Rule 10b-5 and §20(a) .....................................................................................................................1, 3

## PRELIMINARY STATEMENT

Unnikrishnan Madhavan Thekkekalathil ("Movant") respectfully submits this Memorandum of Law in support of his motion (the "Motion"), pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (i) appointing Movant as Lead Plaintiff of a class of investors who purchased shares of Magnum D'Or Resources, Inc. ("Magnum" or the "Company") between July 2, 2008 and April 13, 2010, inclusive (the "Class Period"); and (2) approving Movant's selection of Faruqi & Faruqi, LLP ("Faruqi") as Lead Counsel, a law firm which is highly qualified to prosecute these securities fraud claims on behalf of Plaintiff and the proposed class.

## STATEMENT OF FACTS

On July 18, 2011, plaintiff Steven Puopolo, represented by the law firm Vianale & Vianale, LLP ("Vianale"), filed the first class action complaint in this matter (the "Puopolo Complaint"), against Magnum and Michel Boux ("Boux"), a director and Vice President of Canada Operations at the Company. *See* Puopolo Complaint ¶1. The Puopolo Complaint did not name the Company's Chief Executive Officer, Joseph J. Glusic ("Glusic"), as a defendant in that action, but reserved the right to do so at a future date. The Puopolo Complaint alleged, among other things, that Magnum had violated §10(b) and Rule 10b-5 of the Exchange Act and that Boux had violated §20(a) of the Exchange Act by making false statements which artificially inflated the price of its stock. *Id.* ¶¶69-77.

Specifically, the Puopolo Complaint alleged that Magnum, a tire-recycling company, cashed in on an illicit "round-tripping" scheme using its own stock. Puopolo further alleged that Magnum issued millions of shares of its stock as compensation to several so-called

1

"consultants," who then sold the shares in foreign brokerage accounts, kept some of the cash proceeds for themselves, and funneled the rest -- some $7 million -- back to Magnum, under sham "loan" agreements.  As such, Puopolo claimed that the Company further perpetrated the scheme by falsely touting $130 million in contracts for its products and $15 million in financing – misrepresentations that artificially inflated Magnum's stock price during the Class Period.

The Securities and Exchange Commission (the "SEC") previously investigated Magnum's fraudulent "round-tripping" scheme, a fact that the Company hid from its outside auditors and the public for six months.  In April 2010, when Magnum finally informed its auditor, Weinberg & Company, P.A. ("Weinberg"), about the SEC's formal investigation, Weinberg withdrew its prior audit opinions for 2008 and 2009.  The Company's stock price subsequently plummeted on this news.  Moreover, the SEC formally charged Magnum and its Chief Executive Officer, Glusic.  Glusic has since resigned from Magnum and has settled with the SEC.  *See, e.g.,* Puopolo Complaint.

On July 21, 2011, within twenty (20) days of filing the Puopolo Complaint, Vianale issued a press release notifying potential class members that the Puopolo Complaint had been filed and of their right to seek appointment as Lead Plaintiff within sixty (60) days (on or before September 16, 2010).  *See Exhibit B* (the "Notice") to the Declaration of Emily Komlossy filed herewith in support of the Motion. ("Komlossy Decl.").

On August 22, 2011, Vianale, and co-counsel Sarraf Gentile, LLP, announced that they had voluntarily dismissed without prejudice the Puopolo Complaint.  Subsequently, on August 23, 2011, plaintiff Leonardo de Souza, represented by counsel Saxena White, P.A. ("Saxena") and Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf"), filed a class action complaint similar to the Puopolo Complaint (the "Souza Complaint").  However, to the best of Movant's

2

knowledge, Saxena and Wolf failed to issue a press release notifying potential class members that the Souza Complaint had been filed and of their right to seek appointment as Lead Plaintiff within sixty (60) days. The Souza Complaint alleged §10(b), Rule 10b-5 and §20(a) violations against Magnum and Boux, and also added Glusic as a defendant.

On September 2, 2011, Weinberg, which was retained by Magnum to audit the Company's financial statements, filed a complaint in the Southern District of Florida alleging claims for breach of contract, account stated, open account and an alternative claim for fraud in the inducement, against Magnum.

## ARGUMENT

**I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

    **A.     The PSLRA's Requirements**

The PSLRA governs the procedure for appointing a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial complaint must, within twenty (20) days of filing the action, publish a notice informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, within ninety (90) days after publication of the notice, the PSLRA provides that the Court shall consider all motions made by purported class members and appoint as Lead Plaintiff the "member or members of the purported plaintiff class that the court determines to be

3

most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who the most adequate plaintiff is, the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1314 (M.D. Fla. 2000); *Ehlert v. Singer*, 185 F.R.D. 674, 678 (M.D. Fla. 1999). The relevant factors used to determine the plaintiff with the "largest financial interest" are: (1) the number of shares purchased during the class period; (2) the amount of the investment; and (3) the alleged loss. *Miller v. Dyadic Int'l, Inc.*, C.A. No. 07-civ-80948, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008). However, this is only a presumption, and any member of the proposed class may rebut the presumption upon proof that the presumptively most adequate plaintiff is subject to unique defenses, or will not fairly and adequately protect the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

    **B.**    <u>**The Motion is Timely**</u>

        **1.**    **Movant Has Made a Timely Motion for Appointment as Lead Plaintiff**

Movant filed his Motion prior to the expiration of the Lead Plaintiff filing deadline on September 16, 2011. Moreover, as reflected in his Certification filed herewith, Plaintiff purchased 68,100 shares of Magnum common stock during the Class Period, on December 10 and December 11, 2009, and has also confirmed a willingness and ability to serve as Lead Plaintiff. *See* Komlossy Decl., *Exhibit A* attached thereto. As such, Movant has satisfied the

4

procedural requisites of the PSLRA and now timely moves this Court to be appointed Lead Plaintiff on behalf of the class and for approval of his selection of counsel as Lead Counsel for the proposed class.

### 2. Movant Has the Largest Financial Interest and Otherwise Satisfies Fed. R. Civ. P. 23

Movant, as indicated above, purchased 68,100 shares of Magnum common stock during the Class Period and has suffered a loss on his purchases of $81,553. In addition, Movant satisfies the requirements of Rule 23 of the *Federal Rules of Civil Procedure*, which provides that a class may be certified, and a party may serve as a class representative, if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). Of the four prerequisites set forth in Fed. R. Civ. P. 23(a), only two – typicality and adequacy – are directly applicable to an application for appointment as lead plaintiff. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See, e.g., Grand Lodge of Pa. v. Peters*, 07 Civ. 479, 2007 U.S. Dist. LEXIS 48191 (M.D. Fla. June 22, 2007) (noting that only the typicality and adequacy elements of Rule 23 are examined at the lead plaintiff stage).

Typicality exists "where the claims or defenses of the representative parties are typical of the claims or defenses of the class." *See* Fed. R. Civ. P. 23(a)(3). Thus, the named representative's claims must share "the same essential characteristics as the claims of the class at large." *Piven v. Sykes Enterprises, Inc.* 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000). Movant

satisfies the typicality requirement because he: (1) purchased Magnum common stock during the Class Period as a result of defendants' materially false and misleading statements and/or omissions; and (2) suffered damages as a result. Movant's claims are thus typical of those of the class as his claims and the claims of other class members arise out of the same course of events.

Movant also fulfills the adequacy requirement. The determination of fair and adequate representation is a two-pronged test: "1) common interests between a representative and the class; and 2) a willingness and ability to vigorously prosecute the action." *Vincelli v. National Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1314 (M.D. Fla. 2000). Further, the proposed lead plaintiff "must not possess interests antagonistic to those of the other class members." *Id.*

Movant has committed to prosecute this action effectively and efficiently, as a fiduciary to the class, and to monitor class counsel. Movant has suffered a substantial loss as a result of his purchases of the common stock of Magnum, along with numerous other Magnum shareholders. Thus, Movant's interests are not antagonistic, but are instead perfectly aligned with the majority of absent class members. Further, the firm he has selected as Lead Counsel, Faruqi & Faruqi, LLP, is a nationwide plaintiff's class action firm with extensive experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that Movant and his selected counsel will more than adequately protect the interests of absent Class members.

## II.     THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v). Thus, a court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class." *Vincelli*, 112 F.Supp.2d at *1315. Movant has selected Faruqi & Faruqi, LLP, as proposed Lead

Counsel for the class. The attorneys at Faruqi & Faruqi, LLP, have extensive experience in securities and other complex litigation, and have successfully prosecuted numerous securities fraud class actions on behalf of defrauded investors. *See* Faruqi & Faruqi, LLP firm resume, attached as *Exhibit C* to the Komlossy Decl. Thus, the Court can be assured that by approving Movant's choice of counsel, the class will receive the highest caliber of legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court appoint him as lead plaintiff on behalf of the putative class and to approve his selection of Faruqi & Faruqi, LLP, as Lead Counsel for the class.

Dated:  September 16, 2011

**FARUQI & FARUQI, LLP**

By:  */s/ Emily C. Komlossy*
Emily C. Komlossy (FL Bar No. 7714)
ekomlossy@faruqilaw.com
3595 Sheridan Street, Suite 206
Hollywood, Florida 33021
Tel: 954-239-0280
Fax: 954-239-0281

-and-

**FARUQI & FARUQI, LLP**
Anthony Vozzolo
avozzollo@faruqilaw.com
Richard W. Gonnello
rgonello@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Tel: 212-983-9330
Fax: 212-983-9331

*Counsel for Proposed Lead Plaintiff and the Proposed Class*

7

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2011, I electronically filed the documents listed below with the Clerk of the Court using the CM/ECF filing system. I also certify that these documents are being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filings.

1. UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL;

2. MEMORANDUM OF LAW IN SUPPORT OF UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL;

3. DECLARATION OF EMILY C. KOMLOSSY IN SUPPORT OF UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF SELECTION OF LEAD COUNSEL (with Exhibits);

4. COMPENDIUM OF UNREPORTED CASES and

5. [PROPOSED] ORDER

## SERVICE LIST

**JOSEPH J. GLUSIC**
1326 S.E. 17th Street, Suite 513
Fort Lauderdale, Florida 33316

**MAGNUM D'OR RESOURCES, INC.**
1326 S.E. 17th Street, Suite 513
Fort Lauderdale, Florida 33316

**MICHEL BOUX**
c/o MAGNUM D'OR RESOURCES, INC.
1326 S.E. 17th Street, Suite 513
Fort Lauderdale, Florida 33316

**SAXENA WHITE P.A.**
*/s/Joseph E. White III*
JOSEPH E. WHITE III
2424 North Federal Highway Suite 257 Boca Raton, FL 33431
Tel. 561.394.3399 Fax. 561.394.3382

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole
Martin E. Restituyo
270 Madison Avenue
New York, NY 10016 Telephone: (212) 545-4600 Facsimile: (212) 545-4653

**LAW OFFICES OF BRUCE G. MURPHY**
265 Llwyds Lane
Vero Beach, Florida 32963
Telephone: (772) 231-4202
*Attorneys for Plaintiff and the Class*

By: */s/ Emily C. Komlossy*
 Emily C. Komlossy