**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LEONARDO de SOUZA, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC, and MICHEL BOUX,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No: 11-CV-61879-AJ<br>)<br>)<br>)<br>)<br>)<br>) |
| JEFFREY SWANSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGNUM D'OR RESOURCES, INC. and MICHEL BOUX,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No: 11-cv-62200-KMW<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT BY THE SWANSON GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

I.  NATURE AND STATE OF THE PROCEEDINGS .......................................................... 2

II. SUMMARY OF THE ARGUMENT .................................................................................. 3

III. STATEMENT OF FACTS .................................................................................................. 4

IV. ARGUMENT ....................................................................................................................... 5

    A.  The Related Actions Should Be Consolidated ........................................................ 5

    B.  Movant Should Be Appointed Lead Plaintiff ......................................................... 6

        *i.*   *The Swanson Group Is Willing to Serve as Class Representative* .............. 7

        *ii.*  *The Swanson Group has the Largest Financial Interest in the Action* ....... 7

        *iii.* *The Swanson Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure* ................................................................. 8

        *iv.*  *The Swanson Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses* ................................. 10

        *v.*   *The Swanson Group's Selection of Counsel Should Be Approved* ........... 11

V.  CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES**

*In re Baan Co. Sec. Litig.*,
    186 F.R.D. 214 (D.D.C. 1999) ............................................................................................ 11

*Ehlert v. Singer*,
    185 F.R.D. 674 (M.D. Fla. 1999) ........................................................................................ 9

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................ 9

*Hendrix v. Raybestos-Manhattan, Inc.*,
    776 F.2d 1492 (11th Cir. 1985) .......................................................................................... 5

*In re Nature's Sunshine Prods., Inc. Sec. Litig.*,
    Case No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594 (D. Utah Aug. 16, 2006) ...... 11

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ........................................................................................ 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................... 11

*Piven v. Sykes Enters., Inc.*,
    137 F. Supp. 2d 1295 (M.D. Fla. 2000) ............................................................................. 9

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Rests., Inc.*,
    Case No. 6:08-CV-388-Orl-19DAB, 2008 U.S. Dist. LEXIS 111155 (M.D. Fla.
    July 1, 2008) ..................................................................................................................... 10

*In re The First Union Corp. Sec. Litig.*,
    157 F. Supp. 2d 638 (W.D.N.C. 2000) ............................................................................ 11

*In re Tyco Int'l Ltd. Sec. Litig.*,
    MDL No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390 (D.N.H. Aug. 17, 2000) ....... 11

*In re Universal Access, Inc.*,
    209 F.R.D. 379 (E.D. Tex. 2002) ..................................................................................... 11

*In re Vicuron Pharm., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) ......................................................................................... 9

*Vincelli v. Nat'l Home Health Care Corp.*,
    112 F. Supp. 2d 1309 (M.D. Fla. 2000) ......................................................................... 5, 9

*In re XM Satellite Radio Holdings Sec. Litig.*,
  237 F.R.D. 13 (D.D.C. 2006) .......................................................................................... 7

*Zucco Partners, LLC v. Findwhat.com*,
  Case No. 2:05-cv-201-FtM-29DNF; 2005 U.S. Dist. LEXIS 15046 (M.D. Fla.
  July 27, 2005) .............................................................................................................. 10

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ........................................................................................... *passim*

**OTHER AUTHORITIES**

Securities Exchange Act of 1934 .......................................................................... 2, 3, 8

**RULES**

Fed. R. Civ. P. 6(a)(1)(C) ................................................................................................ 3

Fed. R. Civ. P. 23(a) ............................................................................................... 3, 8, 9

Fed. R.. Civ. P. 42(a) .................................................................................................. 5, 6

Jeffrey Swanson, Tom Joe, Scott A. Martin, Clair Faust, and Doris Richardson Faust (together, the "Swanson Group" or "Movant") hereby move this Court for an Order: (1) consolidating the above-referenced cases, pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Swanson Group as Lead Plaintiff in the above-captioned action for the class of persons who purchased or otherwise acquired Magnum D'Or Resources, Inc.'s ("Magnum" or the "Company") common stock (the "Class") between July 2, 2008 and April 13, 2010, inclusive (the "Class Period") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (3) approving the Swanson Group's selection of Rigrodsky & Long, P.A. as Lead Counsel; (4) approving the Swanson Group's selection of Barker, Rodems & Cook, P.A. as Liaison Counsel; and (5) granting such other and further relief as the Court may deem just and proper. In support of this Motion, the Swanson Group submits herewith the incorporated Memorandum of Law, the Declaration of Scott J. Farrell and exhibits, the Joint Declaration of the Swanson Group, and a proposed Order.

During the Class Period, the Swanson Group incurred losses of $305,107.[1] The Swanson Group believes its losses represent the largest financial interest in the outcome of the litigation.

### CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with S.D. Fla. Local Rule 7.1(a)(3), I hereby certify that counsel has attempted to confer with certain parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and has been unable to do so. It is impossible to know

---

[1] For the purposes of the calculation of estimated losses for the members of the Swanson Group, all shares held have been assigned the value of $0.00 because Magnum's stock has been halted since April 28, 2011. *See* Exhibit C of the Declaration of Scott J. Farrell ("Farrell Decl.") filed concurrently herewith. Alternatively, the Swanson Group's estimated losses have also been calculated using a value of $0.19561 for shares held, reflecting the 90-day post class period average price of Magnum stock between April 14, 2010 and July 12, 2010. *Id.*

which parties or counsel may seek lead plaintiff designation; however, the only known movant was consulted and opposes the relief requested herein.

## I. NATURE AND STATE OF THE PROCEEDINGS

The first of these actions was commenced in the U.S. District Court of the Southern District of Florida, on July 18, 2011, in the action *Puopulo v. Magnum D'or Resources, Inc. et al.*, Case No. 0:11-cv-61591-DL6 (the "*Puopulo* Action"). Notice of the action was issued by Vianale & Vianale, LLP on July 18, 2011, which advised members of the proposed class of their right to move the Court no later than 60 days from July 18, 2011 (*i.e.*, September 16, 2011). *See* Farrell Decl., Ex. D, filed herewith. The *Puopulo* Action was voluntarily dismissed on August 22, 2011. That same day, on August 22, 2011, the plaintiff in the *Puopulo* Action also published notice in a national newswire service, *Marketwire*, announcing the voluntary dismissal of that action. *See* Farrell Decl., Ex. E.

On August 23, 2011, one day after the voluntary dismissal, as well as the issuance of the press release announcing the voluntary dismissal, of the *Puopulo* Action, Leonardo de Souza filed an action in the U.S. District Court of the Southern District of Florida, entitled *de Souza v. Magnum D'or Resources, Inc. et al.*, Case No. 0:11-cv-61879 (the "*de Souza* Action"). Though plaintiff in the *de Souza* Action was required to issue his own PSLRA notice within twenty (20) days after filing that action, informing class members of their right to file a motion for appointment of lead plaintiff, *see* Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i), he did not do so.

On September 16, 2011, Plaintiff *de Souza* moved for appointment as lead plaintiff. (D.I. 6).[2] That same day, lead plaintiff movant Unnikrishnan Madhavan Thekkekalathil ("Thekkekalathil") moved for appointment as lead plaintiff and for appointment of Faruqi &

---

[2] Docket references herein are to the docket in the *de Souza* Action.

2

Faruqi, LLP as lead counsel, indicating that he had purchased 68,100 shares of Magnum common stock during the Class Period and has suffered a loss on his purchases of $81,553. (D.I. 8). On October 3, 2011, Plaintiff de Souza withdrew his motion, on the grounds that it appeared that he did not have the "largest financial interest" in the litigation. (D.I. 12).

On October 12, 2011, Plaintiff Swanson filed an action in the Southern District of Florida, styled *Jeffrey Swanson v. Magnum D'or Resources, Inc. and Michel Boux*, 11-CIV-62200. Proper notice of the action was issued by Rigrodsky & Long, P.A. on October 12, 2011, advising members of the proposed class of their right to move the Court no later than 60 days from that date (*i.e.,* December 11, 2011).[3] Farrell Decl., Ex. A. Thekkekalathil has since claimed that he is the most adequate lead plaintiff, as the only party having moved the Court for appointment as lead plaintiff by September 16, 2011. (D.I. 15, 17). In response, Plaintiff Swanson has submitted that Thekkekalathil's motion is a nullity due to the failure to comply with the notice provisions PSLRA. (D.I. 16, 18).[4]

## II.   SUMMARY OF THE ARGUMENT

The Court appoints as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Here, with $305,107 in losses in connection with the Swanson Group's purchases, the Swanson Group should be appointed Lead Plaintiff because it has the greatest financial interest of any movant seeking appointment as lead plaintiff in this matter and otherwise satisfies the pertinent typicality and adequacy requirements of Federal Rule of Civil

---

[3] Because December 11, 2011 fell on a Sunday, the Swanson Group has submitted its motion on Monday, December 12, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

[4] In the interests of judicial economy, the Swanson Group incorporates herein by reference the arguments made in Plaintiff Jeffrey Swanson's Response to Notice of Related or Similar Actions (D.I. 16) and Plaintiff Jeffrey Swanson's Supplemental Notice of Related or Similar Actions (D.I. 18).

Procedure 23. The Swanson Group's losses are more than 3.5 times those of Thekkekalathil's and two members of the Swanson Group, Tom Joe and Scott A. Martin, each have individual losses larger than Thekkekalathil's.

Movant's selection of Rigrodsky & Long, P.A. and Barker, Rodems & Cook, P.A., as Lead Counsel and Liaison Counsel, respectively, should be approved as both counsel have substantial experience in securities class action and other complex litigation.

## III. STATEMENT OF FACTS

In summary, all the related actions allege that Magnum, and certain of its officers and one of its directors, Michel Boux, violated the Exchange Act in issuance of materially false and misleading statements growth and operations. Specifically, the Company falsely told investors, among other things, that it had $130 million in contracts for its products, and had secured $15 million in financing. The Company also failed to disclose the existence of a Formal Order of Investigation into the Company by the United States Securities and Exchange Commission (the "SEC") – a fact Magnum appears to have hidden not only from investors but its own outside auditors, as well.

Moreover, Magnum issued millions of shares of its stock as compensation to several so-called "consultants," who then sold the shares in foreign brokerage accounts, kept some of the cash proceeds for themselves, and funneled the rest -- some $7 million -- back to Magnum, under sham "loan" agreements. In April 2010, when Magnum finally told its auditor, Weinberg & Company, P.A., about the SEC's formal investigation, the auditor withdrew its prior audit opinions for 2008 and 2009. Magnum's stock price plummeted on the news. The SEC formally charged Magnum and its former CEO Joseph Glusic ("Glusic"). Glusic has since resigned from Magnum and has settled with the SEC.

Additionally, on or about September 2, 2011, Weinberg & Company, P.A. filed a complaint against the Company in the Southern District of Florida, in an action entitled *Weinberg & Company, P.A. v. Magnum, D'Or Resources, Inc.*, Case 9:11-cv-80994-KLR (hereinafter, the "Weinberg Complaint"), claiming that, *inter alia*, in seeking Weinberg & Co.'s Consent to be associated with, and to have its two prior 2008 and 2009 Audit Reports included and/or referenced in a Form S-1/A Registration Statement that Magnum caused to be filed with the SEC, the Company falsely represented that it had disclosed all documents it filed with the SEC and all correspondence between it and the SEC.  (Weinberg Complaint, ¶¶ 30-36).

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Fed. R. Civ. P. Rule 42(a) is proper when actions involve common questions of law and fact.  *See Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000).  "In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced."  *Id.* (citation omitted).

In exercising its broad discretion to consolidate cases under Rule 42(a), this Court should consider:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Here, this is no risk of prejudice or possible confusion that could outweigh the benefits of consolidating the above-captioned cases.  The actions pending before this Court present similar

factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct. Each names the Company and the Michel Boux as defendants.[5] Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

### B.      Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[5] The *Swanson* Action does not name Glusic as a Defendant because on December 17, 2010 Glusic filed for bankruptcy. *In re Joseph John Glusic*, No. 10-bk-33465-BAM (D. Nev.). An Order Discharging Debtor was entered on March 28, 2011, in that bankruptcy proceeding.

As set forth below, Swanson Group satisfies all of these criteria and are thereby entitled to the presumption that it is the most adequate plaintiff of the class, and that it, as a result, should be appointed Lead Plaintiff.

### i.   *The Swanson Group Is Willing to Serve as Class Representative*

The Swanson Group, and each member thereof, has filed the instant motion and certifications attesting each member's willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial.  *See* Farrell Decl., Ex. B.  Accordingly, the Swanson Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### ii.   *The Swanson Group has the Largest Financial Interest in the Action*

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).[6]  Although the PSLRA does not define the term "largest financial interest," a broad body of case law establishes the key factors guiding the Court's analysis: (1) the number of shares of the subject securities purchased; (2) the net funds expended by the movant to acquire those securities; and (3) the approximate losses suffered by the movant.  *See, e.g.*, *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) (*citing In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)).

During the Class Period, the Swanson Group suffered losses of $305,107.  *See* Farrell Decl., Ex. C.  The financial interests of the members of the Swanson Group are set forth below:

---

[6] "[A]ggregation is acceptable for the purposes of lead plaintiff in private securities litigation." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503 (S.D. Fla. 2002).  "The idea that plaintiffs may aggregate their losses into a group to show the largest financial interest derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'" *Id*. at 503 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

7

Jeffrey Swanson has expended $61,500, purchased 37,500 shares of Magnum stock during the Class Period, and has incurred losses of approximately $61,500.  *See* Farrell Decl., Exs. B and C.

Tom Joe has expended $94,367.80, purchased 84,000 shares of Magnum stock during the Class Period and has incurred losses of approximately $94,367.80.  *Id.*

Scott A. Martin has expended $162,030.41, purchased 139,933 shares of Magnum stock during the Class Period, and incurred losses of approximately $90,732.  *Id.*

Clair Faust has expended $39,800, purchased 70,000 shares of Magnum stock during the Class Period and incurred losses of approximately $39,800.  *Id.*  His wife, Doris Richardson Faust, expended $53,820, purchased 70,000 shares of Magnum stock during the Class Period and incurred losses of approximately $18,707.  *Id.*

Movant is not aware of any other movant that has a larger financial interest in Magnum stock during the Class Period.  As referenced above, Thekkekalathil previously represented to this Court that he had purchased 68,100 shares of Magnum common stock during the Class Period and has suffered a loss on his purchases of $81,553.  The Swanson Group's losses are more than 3.5 times those of Thekkekalathil's and two members of the Swanson Group, Tom Joe and Scott A. Martin, each have individual losses larger than Thekkekalathil's.  Accordingly, the Swanson Group believes it satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

> iii. *The Swanson Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure*

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

8

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *See Vincelli*, 112 F. Supp. 2d at 1314 (M.D. Fla. 2000); *Ehlert v. Singer,* 185 F.R.D. 674, 677-78 (M.D. Fla. 1999); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1302 (M.D. Fla. 2000).

The Swanson Group fulfills the requirements of Rule 23. Movant's claims involve substantially similar questions of law and fact with the members of the class, and these claims are typical of those of the members of the class. The Swanson Group and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Magnum's business. The Swanson Group, as did all of the members of the class, purchased Magnum shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the Swanson Group and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### iv. *The Swanson Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses*

The presumption in favor of appointing the Swanson Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a)  will not fairly and adequately protect the interest of the class; or
>
> (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Swanson Group's ability and desire to fairly and adequately represent the class have been discussed above, in Section IV.B.iii.  The Swanson Group is not aware of any unique defenses that defendants could raise against them that would render it or any of its members inadequate to represent the class.  Accordingly, the Court should appoint the Swanson Group as Lead Plaintiff for the class.

The Swanson Group is small enough that coordinated decision making will not present difficulties.  The SEC has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Swanson Group, are suitable lead plaintiffs.  *See, e.g.*, *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Rests., Inc.*, Case No. 6:08-CV-388-Orl-19DAB, 2008 U.S. Dist. LEXIS 111155 (M.D. Fla. July 1, 2008) (appointing group of two funds as lead plaintiff, and appointing Barker, Rodems & Cook, P.A. as liaison counsel); *Zucco Partners, LLC v. Findwhat.com*, Case No. 2:05-cv-201-FtM-29DNF;

10

2005 U.S. Dist. LEXIS 15046 (M.D. Fla. July 27, 2005) (appointing group of four investors as lead plaintiff); *In re Nature's Sunshine Prods., Inc. Sec. Litig.*, Case No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, MDL No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *15 n.7 (D.N.H. Aug. 17, 2000) (collecting cases where courts have appointed relatively small groups of unrelated persons as lead plaintiff); *In re The First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Universal Access, Inc.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience). Moreover, the members of the Swanson Group have signed a joint declaration, attesting that, *inter alia*, their willingness to monitor and stay fully informed of the status and progress of this action; direct counsel with respect to the litigation; communicate regularly with counsel and each other. *See* Joint Declaration, ¶¶ 8-16. Furthermore, the Swanson Group is committed to functioning cohesively as a group, and, to that end, has already held a conference call with counsel, in which the topics of lead plaintiff motions, the merits of the actions, the legal claims that have been made, litigation milestones that are likely to occur, and other procedural and substantive issues. *Id.* at ¶ 17. Should one occur, the Swanson Group has also agreed upon a procedure for resolving any intra-group conflicts that may arise.

> v. ***The Swanson Group's Selection of Counsel Should Be Approved***

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Swanson Group has selected Rigrodsky & Long, P.A. as Lead Counsel and Barker, Rodems & Cook, P.A. as Liaison Counsel. Rigrodsky & Long, P.A. has been actively researching the class' claims - interviewing potential witnesses, reviewing financial and legal documents, and gathering other information in support of the claims against the defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Farrell Decl., Exs. F and G.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, the Swanson Group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## V.     CONCLUSION

For the foregoing reasons, the Swanson Group respectfully requests that the Court issue an Order: (1) consolidating these actions; (2) appointing Movant as Lead Plaintiff; (3) approving its selection of Rigrodsky & Long, P.A. as Lead Counsel and Barker, Rodems & Cook, P.A. as Liaison Counsel.; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: December 12, 2011               **BARKER, RODEMS & COOK, P.A.**

By:     */s/ Chris A. Barker*
Chris A. Barker (FL Bar No. 885568)
cbarker@barkerrodemsandcook.com
501 East Kennedy Boulevard, Suite 790
Tampa, FL  33602
Tel.: (813) 489-1001
Fax: (813) 489-1008

[Proposed] Liaison Counsel for
Plaintiffs

>**RIGRODSKY & LONG, P.A.**
>Seth D. Rigrodsky
>sdr@rigrodskylong.com
>Timothy J. MacFall
>tjm@rigrodskylong.com
>Scott J. Farrell
>sjf@rigrodskylong.com
>825 East Gate Boulevard, Suite 300
>Garden City, NY  11530
>Tel.: (516) 683-3516
>Fax: (302) 654-7530
>
>[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, I electronically filed the Motion of the Swanson Group to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, and the Memorandum of Law, Declaration of Scott J. Farrell and Joint Declaration in support thereof, with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

>/s/ Chris A. Barker
>Chris A. Barker