IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LEONARDO de SOUZA, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> -against-<br><br>MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC and MICHEL BOUX<br><br>    Defendants. | Case No: 11-CV-61879-AJ |
| JEFFREY SWANSON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> -against-<br><br>MAGNUM D'OR RESOURCES, INC. and MICHEL BOUX<br><br>    Defendants. | Case No: 11-cv-62200-AJ |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S RENEWED MOTION FOR LEAD PLAINTIFF AND IN OPPOSITION TO THE SWANSON GROUP'S MOTION**

Movant Unnikrishnan Madhavan Thekkekalathil ("Thekkekalathil") respectfully submits this memorandum of law in further support for his renewed motion for appointment as Lead Plaintiff and approval of Faruqi & Faruqi, LLP (the "Faruqi Firm") as his choice of Lead Counsel, and in opposition to the Swanson Group's motion seeking appointment as Lead Plaintiff and approval of the Group's selection as Lead Counsel.[1]

## INTRODUCTION

Presently pending before the Court are two competing motions seeking appointment as Lead Plaintiff in the above-captioned securities class actions (the "Actions"), which assert claims against Magnum D'Or Resources, Inc. ("Magnum") and certain of its officers. The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*, sets forth the procedural and substantive requirements that govern the appointment of the Lead Plaintiff under such circumstances. Here, the only movant who satisfies the relevant statutory prerequisites is Thekkekalathil. He alone timely filed a motion to be appointed Lead Plaintiff, and he alone satisfies the statute's adequacy and typicality requirements for proposed class representatives. Conversely, the self-styled Swanson Group filed its motion months after the applicable deadline, and is inadequate to serve as Lead Plaintiff because the Group is a lawyer-driven amalgamation that was cobbled together by the Group's counsel in an effort to become the biggest loser and thereby wrest control of the litigation under the PSLRA's "largest financial interest" test. Thus, for the reasons explained more fully below, Thekkekalathil respectfully requests the Court to

---

[1] The Swanson Group (or the "Group") consists of the following members: Jeffrey Swanson; Tom Joe; Scott Martin; Clair Faust; and Doris Richardson. Defined terms not otherwise defined herein shall have the same meaning as those set forth in Thekkekalathil's opening brief in support of his renewed motion ("Opening Br."). *See Swanson v. Magnum D'Or Resources, Inc.*, No. 11-cv-62200-AJ (S.D. Fla.), ECF No. 7.

grant his motion to be appointed Lead Plaintiff and approve his selection of the Faruqi Firm as Lead Counsel.

## ARGUMENT

### I.     THE SWANSON GROUP'S MOTION WAS UNTIMELY

The PSLRA sets forth two procedural prerequisites that govern the appointment of a lead plaintiff in securities class actions.  *See* 15 U.S.C. § 78u-4(a)(3).  First, the plaintiff who files the *initial action* must publish notice to the putative class, within twenty (20) days of filing the action, informing potential class members of their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, No. 8:06-CV-1716-T-23EAJ, 2007 U.S. Dist. LEXIS 3592, at *8-9 (M.D. Fla. Jan. 18, 2007).  If "more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in *the first filed action* shall be required to cause notice to be published."  15 U.S.C. § 78u-4(a)(3)(A)(ii) (emphasis added); *Turner v. ShengdaTech, Inc.*, No. 11 Civ. 1918 (TPG), 2011 U.S. Dist. LEXIS 141695, at *7 (S.D.N.Y. Dec. 6, 2011).  Second, any member of the proposed Class who wishes to apply to be appointed as lead plaintiff must do so *within sixty (60) days* of the notice's publication.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *Edward J. Goodman Life Income Trust*, 2007 U.S. Dist. LEXIS 3592, at *9.

Plaintiff Steven Puopolo filed the first complaint against Magnum on July 18, 2011 (the "Puopolo Complaint").  *See Puopolo v. Magnum D'Or Resources, Inc.*, No. 11-cv-61591-DLG (S.D. Fla.), ECF No. 1.  On the same date, Puopolo published notice (the "Puopolo Notice") of the pendency of the action, the claims asserted, and the purported class period in *Marketwire*, a national business-oriented wire service.  *See* Declaration of Scott J. Farrell ("Farrell Decl."),

*Swanson v. Magnum D'Or Resources, Inc.*, No. 11-cv-62200-AJ (S.D. Fla.), ECF No. 11, Ex. D. The Puopolo Notice informed investors that they had 60 days (*i.e.*, *until September 16, 2011*) to seek appointment as Lead Plaintiff.  *Id.*  Counsel for the Swanson Group, Rigrodsky & Long, P.A. ("Rigrodsky"), likewise issued a press release on July 29, 2011 confirming the September 16, 2011 deadline for Lead Plaintiff motions ("Rigrodsky Notice #1").  *See* Declaration of Emily Komlossy ("Komlossy Decl."), *Swanson v. Magnum D'Or Resources, Inc.*, No. 11-cv-62200-AJ (S.D. Fla.), ECF No. 8, Ex. C.  Although Puopolo voluntarily dismissed his complaint on August 22, 2011, Plaintiff Leonardo de Souza filed a complaint the next day ("de Souza Complaint"), alleging the same causes of action against the same defendants during the same class period.  *See de Souza v. Magnum D'Or Resources, Inc.*, No. 11:cv-61879-AJ (S.D. Fla.), ECF No. 1.

Consistent with the Puopolo Notice and Rigrodsky Notice #1, Thekkekalathil and Antonio Ademar de Souza moved to be appointed Lead Plaintiff on September 16, 2011.[2]  *See de Souza v. Magnum D'Or Resources, Inc.*, No. 11:cv-61879-AJ (S.D. Fla.), ECF Nos. 6-11.  By contrast, the Swanson Group did not move to be appointed Lead Plaintiff by the September 16, 2011 deadline.  Instead, on October 12, 2011, Rigrodsky filed a complaint on behalf of plaintiff Jeffrey Swanson, and thereafter published a second notice ("Rigrodsky Notice #2") that purported to start a new 60-day period during which class members could move to be appointed Lead Plaintiff.  As a result, the issue for the Court is whether the Puopolo Notice satisfies the PSLRA's notice requirements, in which case the Swanson Group's motion would be untimely.

Notably, the only plaintiffs that moved to be appointed Lead Plaintiff after the September 16, 2011 deadline are clients of Rigrodsky (most of whom were presumably solicited by

---

[2] Movant de Souza subsequently conceded that Thekkekalathil had a larger financial interest in the litigation and therefore did not oppose Thekkekalathil's appointment as Lead Plaintiff.  *See de Souza*, ECF Nos. 6, 7, 12.

Rigrodsky Notice #1). That fact alone demonstrates that the Puopolo Notice (not to mention Rigrodsky Notice #1) provided ample notice to potential movants that comports with both the letter and the spirit of the PSLRA. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 142 (S.D.N.Y. 2007) ("[C]ourts have strictly construed this time limitation and found those motions for appointment as lead plaintiff filed outside of the sixty-day window to generally be time-barred.") (collecting cases); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for *the first-filed action*.") (emphasis added).

The Swanson Group, however, now argues that the Puopolo Notice is a nullity because the Puopolo Complaint was voluntarily dismissed the day before the de Souza Complaint was filed. Swanson's argument is misplaced. While it is true that de Souza apparently never published notice of his complaint, de Souza was under no statutory obligation to do so because only the plaintiff for "the first filed action" – namely Steven Puopolo – was required to publish notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii) (referencing only "*the first filed action*").

Furthermore, Rigrodsky Notice #1 listed September 16, 2011 as the deadline to file. To the best of counsel's knowledge, Rigrodsky never published a corrective notice to inform potential class members that the September 16, 2011 deadline was no longer effective. As a matter of fundamental fairness, counsel should be estopped from now arguing that a different deadline applies, particularly when three Swanson Group members – Scott Martin, Clair Faust and Doris Richardson Faust – all signed their PSLRA certifications stating that they had reviewed a complaint and authorized its filing well before the August 22, 2011 dismissal of the

4

Puopolo Complaint and presumably had been solicited by Rigrodsky Notice #1.  *See* Farrell Decl., Ex. B.

In short, the Swanson Group filed its motion nearly three months after motions were due even though the majority of the group had authorized the filing of a complaint in August 2011. To allow counsel's attempt to game the notice process in this instance would only serve to encourage future lawyer driven gamesmanship the likes of which the PSLRA intended to eliminate.  As a matter of both statutory construction and fundamental fairness, the Swanson Group's untimely motion should be denied.

## II. THE SWANSON GROUP IS ALSO INADEQUATE TO SERVE AS LEAD PLAINTIFF BECAUSE THE GROUP IS A LAWYER DRIVEN AMALGAMATION OF UNRELATED INDIVIDUALS

Although the Swanson Group has the largest financial interest in the litigation, the PSLRA also requires that the lead plaintiff satisfy the class representative requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc); Opening Br. at 5.  In the context of lead plaintiff motions, only Rule 23's typicality[3] and adequacy requirements are relevant.  *See, e.g.*, *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000).  The Swanson Group fails the latter of these two requirements because the Group cannot "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

Specifically, the Swanson Group is inadequate under Rule 23 because the Group's members are a hodgepodge of unrelated and geographically dispersed investors who were cobbled together by counsel to usurp control of the litigation and undermine the PSLRA's goal of putting the clients – not their lawyers – in charge of securities class actions.  *See Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *22 (N.D.

---

[3] Typicality exists when a "class representative . . . possess[es] the same interest[s] and suffer[s] the same injury as [other] class members."  *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).  Thekkekalathil does not challenge the Swanson Group's typicality.

5

Cal. Aug. 22, 2008) ("Courts have held either that [an unrelated group] fails to meet the adequacy prong of Rule 23 or that it makes the group unfit to be appointed lead plaintiff because it is contrary to legislative intent."); *Instituto de Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008) (discussing that Congress enacted the PSLRA in part to prevent "manipulation by class action lawyers of the clients whom they purportedly represent") (citation omitted); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000) ("The purpose behind the PSLRA is to 'empower investors so that they, not their lawyers, control private securities litigation by allowing the Court to ensure the transfer of primary control of private securities litigation from lawyers to investors.'") (citation omitted).

Recognizing this fatal flaw, the Swanson Group's counsel drafted and submitted with its motion a joint declaration from the Group. Although designed to demonstrate that the Group is not lawyer driven, the joint declaration merely proves the opposite. For instance, save for married couple Claire Faust and Doris Richardson, the Group is a collection of unrelated individuals who share nothing in common other than their counsel. *See Teran v. Subaye, Inc.*, No. 11 Civ. 2614 (NRB), 2011 U.S. Dist. LEXIS 105774, at *12 (S.D.N.Y. Sept. 16, 2011) (rejecting a group that included two brothers because "the group had no relationship prior to the instant motion and . . . it is fair to assume that none of the members were aware of the others' existence."); *Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 U.S. Dist. LEXIS 23925, at *12-14 (S.D.N.Y. Mar. 30, 2007) (rejecting a group that included married couples since they "share[d] only this lawsuit in common" and the court suspected that the group was the result of the "type of lawyer-driven action that the PSLRA eschews").

In fact, the only known contact between the Group's members was a conference call with counsel on December 8, 2011, four days before the Group filed its motion. Joint Declaration of

the Swanson Group ("Swanson Group Decl."), *Swanson v. Magnum D'Or Resources, Inc.*, No. 11-cv-62200-AJ, ECF No. 10, at ¶ 17.  The Swanson Group's silence as to how this geographically dispersed group was formed merely confirms the fact that the Group was arranged by its counsel.[4]  *Teran*, 2011 U.S. Dist. LEXIS 105774, at *12 ("[T]he declarations expose the lack of cohesiveness in the . . . Group by what they *fail* to say.  Specifically, the group had no relationship prior to the instant motion. . . .") (emphasis in the original); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006) (rejecting groups of unrelated investors because "by allowing attorneys to designate otherwise unrelated plaintiffs as a purported 'group,' and by allocating unrelated groups to aggregate investments in an effort to generate the 'largest financial interest,' a strong possibility emerges that lawyers will form such groups to manipulate the selection process, and thereby gain control of the litigation").

Further, the Swanson Group's vague assertion that the Group has adopted a mechanism by which to resolve intra-Group disputes does not address how the Group will function when its members are deadlocked.  *See* Swanson Group Decl., at ¶ 17 (merely noting that "a system for determining how decisions would be determined by the group should any disagreement amongst the group was adopted [sic]").  Such "conclusory statements and generalizations . . . [provide] little or no substance and do not further the position of this otherwise unrelated group of individuals as an adequate class representative."  *Frias v. Dendreon Corp.*, No. C11-1291JLR, 2011 U.S. Dist. LEXIS 145762, at *19 (W.D. Wash. Dec. 19, 2011) (finding that a group's flawed decision-making process in cases of deadlocks, coupled with conclusory allegations in their declaration, rendered the group inadequate).

---

[4] Jeffrey Swanson is from Hawaii; Tom Joe is from Pennsylvania; Scott Martin is from New Hampshire; and Clair and Doris Faust are from Florida.  Swanson Group Decl. at ¶¶ 2-5.

7

Because the Swanson Group was assembled by counsel and has not demonstrated that it will effectively oversee and manage the litigation and the Group's counsel, the Swanson Group "fail[s] to meet the adequacy prong of Rule 23" and its motion should therefore be denied. *See Frias*, 2011 U.S. Dist. LEXIS 145762, at *14 (citing *Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *22); *see also Fischler v. Amsouth Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *4-5 (M.D. Fla. Feb. 6, 1997) ("The lead plaintiff provisions are intended to encourage plaintiffs to exercise supervision and control of the lawyers for the class . . . instead of the opposite.") (citation and quotations omitted).

### III. THEKKEKALATHIL IS THE ONLY MOVANT TO SATISFY ALL OF THE PSLRA'S CRITERIA TO BE APPOINTED LEAD PLAINTIFF

If the movant with the largest financial interest in the litigation fails to satisfy Rule 23's requirements, the PSLRA directs the Court to appoint the movant with the next largest financial loss, namely Thekkekalathil, so long as he satisfies Rule 23's typicality and adequacy requirements. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As set forth in Thekkekalathil's opening brief, he easily meets the relevant criteria. Opening Br. at 4-9.

Thekkekalathil's claims are clearly typical of the Class's claims. Thekkekalathil purchased Magnum common stock during the Class Period; he suffered damages as a result of the Company's false and misleading statements; and he possesses claims against Magnum and its officers under the federal securities laws. Because the factual and legal bases of Thekkekalathil's claims are identical to those of the Class's claims, Thekkekalathil necessarily satisfies the typicality requirement. *See Auslander*, 244 F.3d at 811; *Piven*, 137 F. Supp. 2d. at 1306.

Thekkekalathil is also more than adequate to represent the Class given that his interests are perfectly aligned with – and in no way antagonistic to – the interests of the Class. *See*

8

*Vincelli*, 112 F. Supp. at 1314.  Thekkekalathil is committed to leading these Actions, as demonstrated by his conduct to date, including his submission of the certification required by the PSLRA and his retention of highly competent counsel, the Faruqi Firm, to litigate the claims on behalf of himself and the Class.  *See Edward J. Goodman Life Income Trust*, 2007 U.S. Dist. LEXIS 3592, at *7-8 (class representative should be able to vigorously prosecute the action because it selected competent counsel); *Kokkinis v. Aegean Marine Petroleum Networks, Inc.*, 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939, at *4 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as a lead plaintiff).

Consequently, Thekkekalathil has every incentive to maximize the Class's recovery and fully intends to do so should the Court appoint him Lead Plaintiff.

## CONCLUSION

For the foregoing reasons, Thekkekalathil respectfully requests that the Court appoint him Lead Plaintiff for the Actions and approve his selection of the Faruqi Firm as Lead Counsel for the Class.

Dated:  December 27, 2011                              **FARUQI & FARUQI, LLP**

By: /s/ Emily C. Komlossy
Emily C. Komlossy (FL Bar No. 7714)
ekomlossy@faruqilaw.com
3595 Sheridan Street, Suite 206
Hollywood, Florida 33021
Tel: 954-239-0280
Fax: 954-239-0281

-and-

**FARUQI & FARUQI, LLP**

Richard W. Gonnello
rgonnello@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, New York 10017

9

                                                                     Tel: 212-983-9330
                                                                     Fax: 212-983-9331

                                                        *Attorneys for Movant Unnikrishnan*
                                                        *Madhavan Thekkekalathil*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served using the Court's CM/ECF system on December 27, 2011 on all counsel or parties of record on the Service List below.

By: */s/ Emily C. Komlossy*
Emily C. Komlossy

## SERVICE LIST

Seth D. Rigrodsky
sdr@rigrodskylong.com
Rigrodsky & Long PA
919 N Market Street
Suite 980
Wilmington, DE 19801
Tel: (302) 295-5310
Fax: (302) 654-7530

Timothy J. MacFall
tjm@rigrodskylong.com
Rigrodsky & Long PA
919 N Market Street
Suite 980
Wilmington, DE 19801
Tel: (302) 295-5310
Fax: (302) 654-7530

Chris A. Barker
cbarker@barkerrodemsandcook.com
Barker, Rodems & Cook, P.A.
501 East Kennedy Boulevard
Suite 790
Tampa, FL 33602
Tel: (813) 489-1001
Fax: (813) 489-1008

*Attorneys for the Swanson Group*