IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LEONARDO de SOUZA, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC and MICHEL BOUX <br><br> Defendants. | Case No: 11-CV-61879-AJ |
| JEFFREY SWANSON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> MAGNUM D'OR RESOURCES, INC. and MICHEL BOUX <br><br> Defendants. | Case No: 11-cv-62200-AJ |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S RENEWED
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

Movant Unnikrishnan Madhavan Thekkekalathil ("Thekkekalathil") respectfully submits this reply memorandum of law in further support for his renewed motion for appointment as Lead Plaintiff and approval of Faruqi & Faruqi, LLP (the "Faruqi Firm") as his choice of Lead Counsel, and in further opposition to the Swanson Group's motion seeking appointment as Lead Plaintiff and approval of the Group's selection of Lead Counsel.[1]

As set forth in their respective opposition briefs, the parties disagree as to the effect of the notice published by the plaintiff in the first-filed action (the "Puopolo Notice") in light of the fact that the Puopolo Action was subsequently dismissed. That being said, the Swanson Group's attempt to foist blame onto Thekkekalathil by arguing that he somehow failed to meet a statutory obligation to provide notice is wholly improper. *See* de Souza Docket, ECF No. 27 at 4 (alleging "Thekkekalathil's earlier failure to comply with the notice provisions of the PSLRA").[2] The Swanson Group undoubtedly knows that the PSLRA only requires that "[n]ot later than 20 days after the date on which the complaint is filed, *the plaintiff or plaintiffs* shall cause [notice] to be published." 15 U.S.C. § 78u-4(a)(3)(A)(i) (emphasis added). Because Thekkekalathil was not named as a plaintiff in either the Puopolo Complaint or the de Souza Complaint, Thekkekalathil was under no statutory obligation to publish notice of any kind. Rather, as permitted under 15 U.S.C. § 78u-4(a)(3)(A), Thekkekalathil filed a motion in response to the September 16, 2011 deadline set in the Puopolo Notice and Rigrodsky Notice #1, the latter of which was published by the Swanson Group's counsel and expressly warned investors, "[i]f you

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as those found in the Memorandum Of Law In Further Support Of Unnikrishnan Madhavan Thekkekalathil's Renewed Motion For Lead Plaintiff And In Opposition To The Swanson Group's Motion, *de Souza v. Magnum D'Or Resources, Inc.*, No. 11-cv-61879-AJ ("de Souza Docket"), ECF No. 28.

[2] References to page numbers are references to the page number of the underlying document rather than the CM/ECF page number.

wish to serve as lead plaintiff, you *must* move the Court no later than September 16, 2011." *See* Declaration of Emily Komlossy, *Swanson v. Magnum D'Or Resources, Inc.*, No. 11-cv-62200-AJ (S.D. Fla.) ("Swanson Docket"), ECF No. 8, Ex. C (emphasis added); *see also Piven v. Sykes Enter., Inc.*, 137 F. Supp. 2d 1295, 1303 (M.D. Fla. 2000) (rejecting argument that a different class period should be used where the movant's counsel had issued a press release reaffirming the class period listed in the notice that was published for the first-filed action).

Indeed, the Swanson Group's only support for its position that the Puopolo Notice was a nullity (and therefore that the Group's motion was timely) is *Janovici v. DVI, Inc.*, No. 2:03-CV-04795-LDD, 2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 26, 2003), a non-binding out-of-circuit opinion. *Janovici* is distinguishable from the case at bar in a number of significant ways. First, in *Janovici*, all of the parties moved to be appointed lead plaintiff contemporaneously. *Id.* at *19-31.[3] Here, the Swanson Group did not file its motion to be appointed Lead Plaintiff until almost three months after the September 16, 2011 deadline. Second, the confusion in *Janovici* resulted from the fact that the firm responsible for the first-filed complaint subsequently filed a second complaint on behalf of a different plaintiff before dismissing the first action. *Id.* at *19. Thekkekalathil bears no responsibility for any purported confusion caused by the Puopolo Notice and Rigrodsky Notice #1. Third, in *Janovici*, one of the firms published notice expressly stating that the deadline provided in the initial notice was no longer effective. *Id.* at *31-32 ("More significantly, the second of the two . . . notices explicitly stated that the September 29, 2003 deadline was no longer effective. . . ."). By contrast, neither Rigrodsky nor the plaintiff in the Puopolo Complaint ever published notice stating that the September 16, 2011 deadline listed in

---

[3] *See also Janovici v. DVI, Inc.*, No. 2:03-cv-04795-LDD (E.D. Pa.), ECF Nos. 8-12 (all motions filed within 10 days).

Rigrodsky Notice #1 and the Puopolo Notice was no longer effective.[4]  Therefore, *Janovici* is inapposite to the present controversy.

Lastly, the Swanson Group raises concerns about the ability of Thekkekalathil to represent the Class because the caption in Thekkekalathil's opening brief contained certain clerical errors.  Although regrettable, errors in a case caption do not render Thekkekalathil inadequate to serve as Lead Plaintiff in the Actions.  *See, e.g., Niederklein v. PCS Edventures!,com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, *34-35 (D. Idaho Feb. 24, 2011) (even "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement").

## CONCLUSION

For the foregoing reasons as well as those set forth previously, Thekkekalathil respectfully requests that the Court:  (1) appoint Thekkekalathil as Lead Plaintiff in the Actions; (2) approve Thekkekalathil's selection of the Faruqi Firm as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  January 3, 2012                             **FARUQI & FARUQI, LLP**

                                       By:  /s/ Emily C. Komlossy
                                       Emily C. Komlossy (FL Bar No. 7714)
                                       ekomlossy@faruqilaw.com
                                       3595 Sheridan Street, Suite 206
                                       Hollywood, Florida 33021
                                       Tel: 954-239-0280
                                       Fax: 954-239-0281

                                              -and-

                                       **FARUQI & FARUQI, LLP**

---

[4]  Although Puopolo published notice that the Puopolo Complaint was dismissed on August 22, 2011, the notice did not explicitly disavow the September 16, 2011 deadline that it previously established.  *See* Declaration of Scott J. Farrell, Swanson Docket, ECF No. 11, Ex. E.

4

                Richard W. Gonnello
                rgonnello@faruqilaw.com
                369 Lexington Avenue, 10th Floor
                New York, New York 10017
                Tel: 212-983-9330
                Fax: 212-983-9331

                *Attorneys for Movant Unnikrishnan Madhavan Thekkekalathil*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served using the Court's CM/ECF system on January 3, 2012 on all counsel or parties of record on the Service List below.

By: */s/ Emily C. Komlossy*
Emily C. Komlossy

## SERVICE LIST

Seth D. Rigrodsky
sdr@rigrodskylong.com
Rigrodsky & Long P.A.
919 N Market Street
Suite 980
Wilmington, DE 19801
Tel: (302) 295-5310
Fax: (302) 654-7530

Timothy J. MacFall
tjm@rigrodskylong.com
Rigrodsky & Long PA
919 N Market Street
Suite 980
Wilmington, DE 19801
Tel: (302) 295-5310
Fax: (302) 654-7530

Chris A. Barker
cbarker@barkerrodemsandcook.com
Barker, Rodems & Cook, P.A.
501 East Kennedy Boulevard
Suite 790
Tampa, FL 33602
Tel: (813) 489-1001
Fax: (813) 489-1008

*Attorneys for the Swanson Group*